## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY COYLE, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| | ) | |
|     v. | ) | **CIVIL ACTION** |
| | ) | **NO. 13-11204-DHH** |
| KRISTIN SANTUCCI and | ) | |
| CHAD TATA, | ) | |
|         Defendants. | ) | |

## ORDER ON MOTION TO DISMISS

### January 24, 2014

Hennessy, M.J.

This matter is before the Court on Defendants Kristen Santucci and Chad Tata's (hereinafter "Defendants") Motion to Dismiss. (Docket #11). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is DENIED IN PART and ALLOWED IN PART.

## I.      BACKGROUND

On November 22, 1999, Plaintiff Anthony Coyle acquired a one-sixth interest in real estate at 34 Franklin Street, Leominster (hereinafter the "Property") via quitclaim deed of Alvera M. Chirco, his grandmother. (Docket #1-3 at ¶ 5). On September 19, 2001, Coyle acquired the remaining five-sixth interests in the Property via quitclaim deed of Jasper R. Chirco, Catherine Toome, and Anthony Coyle. (Id. at ¶ 6). These deeds were both recorded with the Worcester Northern District Registry of Deeds. (Id. at ¶¶ 5-6).

Coyle and Santucci were involved in a romantic relationship for approximately four years, ending in September 2009. (Id. at ¶ 8). During this time, they shared the Property as their primary residence. (Id.). In August 2005, on Santucci's suggestion, the parties agreed to consolidate their debt and refinance the Property to pay the debt. (Id. at ¶ 9). In order to qualify for a refinance mortgage, Coyle added Santucci to the Property title. (Id. at ¶ 10). On September 9, 2005, Coyle and Santucci signed a note, mortgage, and other closing documents to accomplish the refinance with Digital Federal Credit Union. (Id. at ¶ 11).

Towards the end of 2006, Coyle became aware that his credit card had been used without his authorization and that his identity had been stolen. (Id. at ¶ 13). In order to avoid the unauthorized conveyance of the Property, Coyle and Santucci agreed that Coyle would convey the Property to Santucci and provide funds for the mortgage payments and all other expenses related to the Property. (Id. at ¶ 14). They further agreed that, upon payment of the mortgage in full, Santucci would convey the Property to Coyle individually. (Id.). On February 6, 2007, Coyle and Santucci executed a quitclaim deed transferring title from Coyle and Santucci to Santucci individually. (Id. at ¶ 15). The deed was recorded with the Worcester Northern District Registry of Deeds.

From February 6, 2007 to the time of the Complaint, Coyle has provided the funds to pay the mortgage and all other expenses related to the Property. (Id. at ¶ 16). In the fall of 2009, Coyle spent approximately $11,000 in renovations in order to rent the Property. (Id. at ¶ 17). The Property was rented from October 1, 2009 through the middle of 2012. (Id. at ¶ 18).

In either July or August 2012, Santucci informed Coyle that she and her new husband, Chad Tata, were expecting a child and that she wanted him to pay the remaining mortgage before the baby was born so she could re-convey the Property to him. (Id. at ¶ 19). Since that time,

Coyle provided in excess of $47,800 as funds for mortgage payments, reducing the principal balance to approximately $39,000.  (Id. at ¶ 20).

In 2012, after the previous tenants had vacated the Property, Coyle spent approximately $14,000 on renovations to the Property to prepare it for rent.  (Id. at ¶ 21).  Coyle rented the Property, collecting first, last, and security deposit from the tenants.  (Id. at ¶ 23).  Coyle also collected monthly rent from the tenants.  (Id.).  On February 25, 2013, Santucci and Tata entered the Property and informed the tenants that they now owned the house and the tenants would have to move out.  (Id. at ¶ 24).  Santucci and Tata subsequently filed a summary process action in the Worcester County Housing Court.  (Id. at ¶ 25).

In April 2013, Coyle prepared to pay the mortgage on the Property off.  (Id. at ¶ 26).  When he contacted Santucci, she refused and continues to refuse to re-convey the Property to Coyle once the mortgage is paid off.  (Id. at ¶ 27).  Santucci informed Coyle that she intends to sell the Property to a third-party buyer for consideration.  (Id. at ¶ 28).  At some point after February 27, 2013, Santucci obtained a restraining order to prevent Coyle from interfering with the proposed sale.  (Id. at ¶¶ 29-30).

On April 29, 2013, Coyle brought this action in the Massachusetts Superior Court in Worcester County.  (Docket #1-3).  On May 16, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction.  (Docket #1).  On July 12, 2013, Defendants filed the present motion, seeking to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  (Docket #11).

---

[1] Although Defendants state in their motion that they seek to dismiss Coyle's Complaint pursuant to Massachusetts Rule of Civil Procedure 12(b)(6) (Docket #11 at 1), the accompanying memorandum in support of the motion seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and cites to case law employing that provision (Docket #12).

II.     STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see also DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar

Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555).  "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'"   Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Dismissal is

appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the]

plaintiff is entitled to relief."   Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir.

2008) (quotations and original alterations omitted).

Although most motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

are "premised on a plaintiff's putative failure to state an actionable claim, such a motion may

sometimes be premised on the inevitable success of an affirmative defense."   Nisselson v.

Lernout, 469 F.3d 143, 150 (1st Cir. 2006).  "As a general rule, a properly raised affirmative

defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the

defenses are definitely ascertainable from the complaint and the other allowable sources of

information, and (ii) those facts suffice to establish the affirmative defense with certitude."   Rodi

v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

III.    ANALYSIS

A.    Count I

In Count I of his Complaint, Coyle alleges that he and Santucci entered into a contract for

the conveyance and re-conveyance of the Property and that Santucci breached that contract by

conveying the property to Tata and by refusing to re-convey the property to Coyle.  (Docket #1-3

at ¶¶ 31-36).  Defendants assert that this count must be dismissed because it does not allege

memorialization of the contract, in violation of the statute of frauds.  (Docket #12 at 4).

Because this is a diversity action, the Court will apply substantive state law to all claims

and affirmative defenses.  Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), Berkowitz v.

Berkowitz, No. 11-10483-DJC, 2013 U.S. Dist. LEXIS 134791, at *5 (D. Mass. Sept. 20, 2013) (holding that state law governs an affirmative defense of the statute of frauds in a diversity action).

The Massachusetts Statute of Frauds provides that no action shall be brought (i) upon a contract for the sale of lands or of any interest in or concerning them or (ii) upon an agreement that is not to be performed within one year from the making thereof, "[u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."  Mass. Gen. Laws ch. 259, § 1.  However, "[a] plaintiff's detrimental reliance on, or part performance of, an oral agreement to convey property may estop the defendant from pleading the Statute of Frauds as a defense."  Nessralla v. Peck, 403 Mass. 757, 761 (1989).  "Specific performance under this rule may be warranted where the party seeking relief suffers 'the infliction of an unjust and unconscientious injury and loss.'"  Id. (quoting Glass v. Hulbert, 102 Mass. 24, 36 (1869)).

In Gordon v. Anderson, the Massachusetts Supreme Judicial Court upheld the lower court's ruling estopping defendants from pleading the Statute of Frauds where the plaintiffs gave the defendants a down payment on the premises, made substantial improvements to the premises after moving in, and sold their prior residence.  Gordon v. Anderson, 348 Mass. 787, 787 (1965).  Likewise, in Pino v. Yenof, the Massachusetts Supreme Judicial Court found that the trial judge was justified in finding that the plaintiff's down payment of forty percent on the sale of the property in addition to substantial improvements completed by the plaintiff on the subject property in reliance on the oral agreement prevented the defendants from relying on the Statute of Frauds.  Pino v. Yenof, 353 Mass. 775, 775 (1968); see Fisher v. MacDonald, 332 Mass. 727,

729 (1955) (specific performance of oral agreement for conveyance of property appropriate where plaintiff furnished part of consideration and took possession); Hurtubise v. McPherson, 80 Mass. App. Ct. 186, 189-90 (2011) (defendant estopped from raising Statute of Frauds where plaintiff, relying on oral agreement, undertook construction on subject property, expending over $39,000, and defendant did not object).

Here, Coyle has alleged that he provided the funds to pay the mortgage and all other expenses related to the Property since February 6, 2007.  (Docket #1-3 at ¶ 16).  He also alleges that he spent approximately $11,000 on renovations to the Property in the fall of 2009 in order to rent the property.  (Id. at ¶ 17).  He further alleges that he paid an additional $14,000 in renovations to the Property in the summer of 2012 to prepare it for rental.  (Id. at ¶ 21).  Coyle asserts that in the summer of 2012, Santucci told him that she wanted him to pay off the mortgage so she could re-convey the property.  (Id. at ¶ 19).  Coyle alleges that he showed the Property to prospective tenants and made an agreement to rent the Property, collecting first, last, and security deposit and thereafter collecting the monthly rent from the tenants.  (Id. at ¶¶ 22-23).  Coyle alleges that the Defendants' first assertion of control of the Property occurred on February 25, 2013.  (Id. at ¶ 24).  These allegations, if proven, would estop the Defendants from asserting the Statute of Frauds.  Thus, the Motion to Dismiss as to this claim is DENIED.

B.      Count II

In Count II of the Complaint, titled "Quantum Meruit," Coyle asserts that he substantially improved the Property and is entitled to compensation for the service, labor, and material provided in relation to these improvements.  (Id. at ¶¶ 37-41).  Coyle asserts that Defendants have failed to compensate him for these improvements, and, as a result, have been unjustly enriched.  (Id.).

"Quantum meruit is a theory of *recovery*, not a cause of action. J. A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986). "In a case involving an unenforceable contract, we allow quantum meruit recovery, basing our reasoning on the theory of unjust enrichment." Id. at 794. Coyle may recover under the theory of quantum meruit for his claim of unjust enrichment in Count IV. Thus, Count II is duplicative of Count IV, titled "Restitution/Unjust Enrichment." Therefore, the Motion to Dismiss Count II is ALLOWED. See Freeman v. MetLife Group, Inc., 583 F. Supp. 2d 218, 222 (D. Mass. 2008) (dismissing duplicative claims).

C.      Count III

In Count III of the Complaint, entitled "Money Had and Received," Coyle asserts that Defendants obtained money from him by fraud or misrepresentation and that this money was to be used for his benefit. (Docket #1-3 at ¶¶ 42-45). Defendants argue that the claim must be dismissed because Coyle fails to plead fraud with the requisite specificity.[2] (Docket #12 at 5-6).

Coyle incorrectly bases his argument on cases interpreting Massachusetts Rule of Civil Procedure 9(b). (See Docket #14 at 4-5 citing Saltmarsh v. Saltmarsh, 395 Mass. 405, 411 (1985); Equip. & Sys. for Indus., Inc. v. Northmeadows Constr. Co., Inc., 59 Mass. App. Ct. 931, 931-32 (2003); HTA Ltd. P'ship v. Mass. Tpk. Auth., 51 Mass. App. Ct. 449, 455 (2001); Lazzaro v. Holladay, 15 Mass. App. Ct. 108, 110 (1983)). However, "federal law governs the specificity requirements for pleadings in federal courts even in diversity actions." N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 14 (1st Cir. 2009). Hence, Federal Rule of Civil Procedure 9(b) controls.

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and

---

[2] Defendants also assert that Count III fails to state a claim for money had and received. (Docket #12 at 6-7). The Court need not address this argument as it finds that Coyle has failed to plead the claim with the specificity required by Federal Rule of Civil Procedure 9(b).

other conditions of a person's mind may be alleged generally." Thus, "the specificity requirement extends only to the particulars of the allegedly misleading statement itself." Rodi, 389 F.3d at 15. The heightened pleading requirement of Federal Rule of Civil Procedure 9(b) "is satisfied by an averment 'of the who, what, where, and when of the allegedly false or fraudulent representation.'" Id. (quoting Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004)).

The Complaint satisfies the first two of these requirements. The alleged misrepresentation was made by Santucci and was to the effect "that[,] upon payment in full of the mortgage[, Santucci] would convey the property to [Coyle] individually." (Docket #1-3 at ¶ 14). However, it is unclear where and when the allegedly fraudulent representation took place. Coyle states only that it occurred between "the later months of 2006" and February 6, 2007. (Id. at ¶¶ 13-15). He never asserts where the representation was made. (See Docket #1-3). Coyle has failed to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b) and; therefore, the Motion to Dismiss Count III is ALLOWED.

D.      Count IV

In Count IV of his Complaint, Coyle asserts that Defendants have been unjustly enriched as a result of his provision of labor, services, and material for improvements to the Property as well as his provision of funds to pay down the mortgage on the Property. (Docket #1-3 at ¶¶ 46-49). Defendants argue that this claim fails because Coyle does not allege impoverishment or that Defendants are in possession of any of his funds. (Docket #12 at 7).

To prevail on a claim for unjust enrichment in Massachusetts, there must be "unjust enrichment of one party and unjust detriment to another party." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009) (quotation omitted). "Unjust

enrichment requires: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." Id. (citing Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts*, § 68.5 (4th ed. 2003)).

The allegations in the Complaint make clear that Coyle conferred a benefit upon Defendants. Coyle alleges that he spent a total of $25,000 in renovations to the Property over a period of three years. (Docket #1-3 at ¶¶ 17, 21). There is no allegation that Defendants were not aware of these renovations. (See Docket #1-3; Docket #12). Counter to Defendants' arguments, retention of this benefit under the circumstances would be inequitable without payment. Defendants argue that Coyle's residence on the Property and his retention of rent from tenants on the Property demonstrate that Coyle enjoyed the benefits of his improvements. (Docket #12 at 8). Although Coyle states that the Property was leased from October 1, 2009 through the middle of 2012, there is no allegation as to who collected rent during this period. (See Docket #1-3 at ¶ 18). While Coyle did collect rent from the Property starting in the summer of 2012, it is unclear for how long he collected rent. (Id. at ¶¶ 21-23). On February 25, 2013, after having just spent $14,000 in renovations in the summer of 2012, Defendants informed the tenants at the Property that they would have to move out, and thereafter filed a summary process action. (See id. at ¶¶ 21-25). Even if Coyle retained all the rent moneys from the Property, there is no allegation that he recouped the investment he made in renovations. Allowing Defendants to

retain the benefit of the difference without payment would be inequitable.  Therefore, the Motion

to Dismiss Count IV is DENIED.[3]

E.      Count V

Coyle asserts a claim for conversion of "the funds paid to reduce the mortgage" on the

Property in Count V of his Complaint.  (Id. at ¶¶ 50-52).   Defendants assert that Coyle cannot

maintain this claim as Coyle paid the funds directly to the bank holding the mortgage and the

bank is currently in control of all such funds.  (Docket #12 at 9).  Additionally, Defendants argue

that there are no allegations that they engaged in any wrongful act with the intention to

appropriate the funds intended for the mortgage or any allegations to suggest that Coyle's

payment of funds toward the mortgage was anything other than unilateral and voluntary.  (Id.).

A plaintiff alleging conversion under Massachusetts law must show that:

(1) the defendant intentionally and wrongfully exercised control or dominion over
the personal property[;] (2) the plaintiff had an ownership or possessory interest in
the property at the time of the alleged conversion; (3) the plaintiff was damaged
by the defendant's conduct; and (4) if the defendant legitimately acquired
possession of the property under a good-faith claim of right, the plaintiff's
demand for its return was refused.

Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F.3d 90, 95 (1st Cir. 1993).

Coyle correctly states that he never alleged that he paid the mortgage funds to the bank.

(See Docket #14 at 4; Docket #1-3 at ¶¶ 14, 16, 20).  He asserts that, through discovery, he will

seek documentation establishing that these funds were given directly to Santucci or to another on

her behalf.  (Docket #14 at 4).  Coyle admits that he was a signatory to the mortgage with

Santucci.  (Docket #1-3 at ¶ 11).  Even were Coyle able to prove that he gave the mortgage funds

directly to Santucci, he never alleges that the funds that he earmarked for the mortgage were not

---

[3] Because the Court finds that Coyle may proceed with his claim for unjust enrichment on the basis of renovations to
the Property, the Court finds it unnecessary at this time to address the claim of unjust enrichment as it relates to
payments towards the mortgage.

used for that purpose or that he gave the funds unwillingly.  (See Docket #1-3).  Thus, there is no allegation that Defendants "'intentionally or wrongfully exercised acts of ownership, control or dominion over personal property to which [they had] no right of possession at the time[,]'" a necessary element of a claim of conversion.  In re Brauer, 452 Mass. 56, 67 (2008) (alterations in original omitted) (quoting Grand Pac. Fin. Corp. v. Brauer, 57 Mass. App. Ct. 407, 412 (2003)); see John G. Danielson v. Winchester-Conant Props., 186 F. Supp. 2d 1, 28 (D. Mass. 2002) ("In Massachusetts, conversion focuses on the wrongful possession of personal property of the owner, without the owner's consent.").  Thus, the Motion to Dismiss Count V is ALLOWED.

IV.    CONCLUSION

        For the foregoing reasons, the Defendants' Motion to Dismiss (Docket #11) is DENIED IN PART and ALLOWED IN PART.  Counts II, III, and V of the Complaint are DISMISSED.


                                        /S/ David H. Hennessy
                                        David H. Hennessy
                                        UNITED STATES MAGISTRATE JUDGE